### GREIG &c. vs. HATHERN.
APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT THE JUDGE OF THE SIXTH PRESIDING.

Where a person permits another, who is living about his house, and sometimes doing business for him, to have access to his bar and drink his glasses without charge, in a subsequent settlement of the accounts between the parties, the inn keeper will not be permitted to make out an account against such person for his bar-bill ; but such an account will be considered an *after thought,* and be disallowed.

This suit is brought by the curator of the vacant succession of James Keith deceased, against William Hathern to compell him to explain and settle a certain partnership transaction which had existed between them in the life time of Keith, and to require Hathern to pay over to the suc-

H

cessor such balance as due and owing on account of said partnership.

In 1824 Keith entered into an agreement to make certain advances to Hathern, who kept a public tavern in Vermillionville, and also was occasionally to give his personal attention ; in consideration he was to have his boarding gratis and the profits of the tavern divided between them.

On the 17th of June 1824, Keith advanced to Hathern $450 to be laid out in New-Orleans for merchandize and groceries for the use of the tavern and bar. On the 1st September 1824, Keith further advanced $67, for which Hathern gave his receipt payable on demand. On the 23d October following Keith made a still further advance of $190, and on the 23d December again advanced $25. 17 for the purchase of a barrel of liquor. In February 1825, Keith advanced $133. 12, and in April a further advance of $81 75, in liquors purchased in New-Orleans and delivered over to Hathern : and also paid $8 for corn and advanced $10 in cash, and Hathern's due bill to one Eades, transfered Keith which remains unpaid ; Hathern also owes a balance of $63—making a total sum of $1028 78, due from Hathern to the succession of Keith.

The petitioner avers that a settlement has been repeatedly demanded of Hathern, who still refuses to render an account and settle the same; wherefore he prays to be cited and compelled to explain the partnership, render an account settle and pay over whatever amount may be justly due to the succession of Keith.

Hathern in his answer denied any partnership had ever existed between him and Keith ; that in June 1824 when Keith made the advance of $450 to make purchases in New Orleans it was intended to have formed one between them, but when the goods arrived Keith refused, and he considered himself only personally bound to Keith for the amount of the advances made to him.

Hathern annexes an account to his answer of $1019 17 against Keith's succession and demands judgment for it in his favor.

The Court referred the accounts between plaintiff and defendant to referees—who found $755 87 due to Keith's estate ; besides 16 barrels of liquor imported by Keith from New-Orleans and paid for by him, but which was not proved to them, as having been received by Hathern. The referees also reported $715 80 as due to Hathern from Keith's succession. In the account was an item of $250 for Keith's *bar bill* during the time he lived with Hathern. The referees reported a balance - of $40 07 due Keith's estate. On the motion to homologate the report, the plaintiff's counsel opposed the item of $250, for the amount of the *grog bill*, charged to Keith in defendant's account.

It was in proof that Keith drank much at the bar, but that no account had been taken of it, and no charge was made by the defendant while he lived there. There was no particular partnership proved—but Keith always declared he had an interest in the profits of the tavern.

The Court rejected the $250 item for the grog bill and gave judgment for the Plaintiff for 290 07 with costs.

This cause was argued and explained to the Court by Mr. *Brownson* counsel for the plaintiff—and by Mr. *Crow* for the defendant.

*Mathews J.* delivered the opinion of the Court.

This suit is brought by the Curator of the vacant succession of one James Keith, to recover from the defendant certain sums alledged to be owing by the defendant to said succession on account of advances of property and money made to him by the deceased during his life time. An account was rendered by the defendant consisting of various charges and amongst others one for drinking expenses amounting to $553 37 1-2 for about 16 months.

The account was submitted to *referees* who deducted

Western District. about one half of this item, and on the trial of the cause, the
September, 1830. Court below struck off the balance and rendered judgment
GREIG &c. in favor of the plaintiff, from which the defendant appealed.
vs.
HATHERN. The only question presented to this Court for decision is
to ascertain whether the facts of the case as proven, justify
Where a person the judgment of the District Court. It appears from the
permits another
that is living about testimony that no account was taken or kept of the liquors
his house, and
sometimes doing furnished to the deceased ; or at that time the defendant in-
business with him,
to have access to tended to make any charge—as he directed his clerk not to
his bar and drink
his glasses with- take any account of it. The idea of making this charge ap-
out charge, in a
subsequent settle- pears to have occurred as an after thought, and cannot be
ment of the ac-
countsbetween the permitted to destroy the previous liberality of the appellant.
parties, the innkee It is not certain that the deceased would have drank so
per will not be
permitted to make much unless the *potations* had been furnished gratuituosly.
out an account a-
gainst such person It is therefore ordered, adjudged and decreed, that the
for his bar-bill; but
such an account judgment of the District Court be affirmed with cost.
will be considered
an *after-thought*,
and be disallowed.