No. 2519.—CELINE SALVANT, wife of F. ETTLE, *v.* JEAN SALVANT.

The written authorization of the husband to his wife to prosecute the suit is in time, if it is filed before the trial of the exception, that she is not authorized.

The settlement of a tutor's account is purely a probate matter, and the parish court has jurisdiction of all such cases without reference to the amount involved.

APPEAL from the Parish Court, parish of Plaquemines. *William M. Prescot,* Parish Judge. *E. Howard McCaleb,* for plaintiff and appellee. *A. Cazabat,* for defendant and appellant.

LUDELING, C. J.    This suit is instituted to oblige the defendant to account for the management of her property as tutor, during her tutorage. She alleges he is indebted to her in the sum of $1360, with legal interest from fifteenth July, 1854, when he received this amount on her account.

Celine Salvant, wife ot F. Ettle, v. Jean Salvant.

The defendant excepted on the grounds that he is not sued at his domicile, that the parish court is without jurisdiction, *ratione materiæ*, the amount in dispute exceeding five hundred dollars, and that the wife is not authorized to bring this suit by her husband. The husband's written consent to his wife to prosecute the suit was filed before the trial of the exception. That is sufficient. C. P. 320; 10 An. 504; Howard *v*. Copley.

This suit was instituted in the court which appointed the tutor; that is the proper tribunal to compel him to account for his tutorship. 2 La. 57; 2 An. 277; White et al. *v*. Chaucy, 2 La. 271.

The settlement of tutor's accounts is purely "probate matters;" and in such cases the parish court has jurisdiction without reference to the amount involved. "In all probate matters, when the amount in dispute shall exceed five hundred dollars, exclusive of interest, the appeal shall be directly from the parish to the Supreme Court." Article 88 Constitution, and Article 87.

We think the judge *a quo* correctly overruled the exception.

On the merits there seems to be no error complained of by the appellant, and an examination of the evidence satisfies us the judgment appealed from is correct.

It is therefore ordered that the judgment of the parish court be affirmed with costs of appeal.